HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BOARD OF TRUSTEES OF THE WESTERN METAL INDUSTRY PENSION FUND,<br><br>Plaintiff,<br><br>v.<br><br>CENTRAL MACHINE WORKS, INC., SOWAY, LLC, an Oregon Limited Liability Company, and SYLVIA AND PAUL SOWA, and their marital community,<br><br>Defendants. | CASE NO. C14-00802 RAJ<br><br>ORDER |

This matter comes before the court on the parties' cross-motions for summary judgment. Dkt. ## 22, 27. Plaintiff is the Board of Trustees of Western Metal Industry Pension Fund ("Fund"). The Fund is a collectively bargained, joint labor-management trust fund, and it is a "pension benefit plan" as defined in the Employee Retirement Income Security Act (ERISA). Dkt. # 22, at p. 4. The Board of Trustees administers the plan and acts as the "plan sponsor," as defined by ERISA. *Id.*

Defendant Paul Sowa is the sole shareholder of Defendant Central Machine Works, Inc. ("Central Machine"). *Id.* at 5.[1] Defendant Sylvia Sowa is married to Mr. Sowa, and she is the trustor and sole trustee of the Sylvia M. Sowa Revocable Living Trust (SSRL). *Id.* As of 2000, SSRL owns 100 percent of Defendant Soway, LLC ("Soway"), an Oregon limited liability company created in March 1997. *Id.* Soway's sole purpose is to purchase the buildings and property of Central Machine and another company, collect those rents, and pay loan and property taxes. *Id.* at 6.

Soway leased property to Central Machine from 1998 until approximately 2008, and Central Machine paid rent to Soway during that lease period. *Id.* After 2008, Central Machine continued to occupy the premises on a rent-free basis. *Id.* The parties agree that Soway and Central Machine are under "common control," as defined in ERISA at 29 U.S.C. § 1301(b)(1). Dkt. # 27, at p. 2. Soway's only income consisted of the rental payments it received from 1998 to 2008. Dkt. # 22, at p. 6.

Central Machine was an "employer," as defined in ERISA at 29 U.S.C. § 1002(5). *Id.* at 4. Central Machine told the Fund that it was going to close on June 30, 2013. Dkt. # 23-1 (Rowe Decl., Ex. 1.). On June 12, 2013, in response to Central Machine's statement, the Fund sent notice to Central Machine that the Fund had an unfunded vested benefit liability, and therefore any employers that withdrew from the Fund in 2013 would be required to pay their proportionate share of the withdrawal liability. *Id.* Specifically, Central Machine's liability was $1,172,000. Dkt. # 22, at p. 5. On June 30, 2013, Central Machine ceased operations and completely withdrew from the Fund. *Id.* Central Machine failed to make any payments to the Fund. *Id.* at 6.

On January 15, 2014, in accordance with ERISA provisions, the Fund sent a letter to Central Machine demanding the outstanding liability amount. Dkt. # 23 (Rowe Decl., Ex. 2.). Machine Works did not cure the liability. Dkt. # 22, at p. 6. On May 29, 2014,

---

[1] Defendants do not contest the Fund's statement of undisputed material facts. Dkt. # 27, at p. 3.

the Fund sued Machine Works for the total withdrawal liability. Dkt. # 1. On December 12, 2014, the Fund's counsel emailed counsel for defendants to warn that the Fund would amend its complaint to add Paul and Sylvia Sowa and Soway to the lawsuit. Dkt. # 29 (McKenzie Decl., Ex. 1.). On December 15, 2014, the Fund added the additional defendants to the lawsuit, claiming that the defendants are jointly and severally responsible for the total withdrawal liability. Dkt. # 16.

The Fund does not seek to hold Sylvia or Paul Sowa or their marital community personally liable for the withdrawal liability assessment. Dkt. # 28, at p. 2. Therefore, the Court **GRANTS** summary judgment as to the individual defendants with regard to claims related to payment of the withdrawal liability. Remaining for the Court to decide is whether Soway was bound to arbitrate its dispute with regard to its employer status. The Court finds that Soway was required to arbitrate this dispute, and due to its failure to abide by ERISA's procedures, Soway is now liable for the total withdrawal liability. The Court **GRANTS** the Fund's motion for summary judgment with respect to Soway and **DENIES** Soway's motion for summary judgment.

## I. LEGAL STANDARD

Summary judgment is appropriate if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Where the moving party will have the burden of proof at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986). On an issue where the nonmoving party will bear the burden of proof at trial, the moving party can prevail merely by pointing out to the district court that there is an absence of evidence to support the non-moving party's case. *Celotex Corp.*, 477 U.S. at 325. If the moving party meets the initial burden, the opposing party must set forth specific facts showing that there is a

genuine issue of fact for trial in order to defeat the motion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The court must view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 150-51 (2000).

## II. ANALYSIS

**A.   Soway Is Bound by ERISA's Arbitration Requirement.**

Congress enacted ERISA to safeguard employees' retirement benefits such that upon retirement those employees actually receive their promised benefits. *Banner Indus., Inc. v. Cent. States, Se. & Sw. Areas Pension Fund*, No. 86 C 3046, 657 F. Supp. 875, 877 (N.D. Ill. 1987). Congress found that individual employers' withdrawal from multiemployer plans caused those left in the plan to inherit liabilities. *Id.* Realizing this could result in the demise of multiemployer plans, Congress amended ERISA to require withdrawing employers to pay a proportionate share of the unfunded vested benefit liability at the time of the employer's withdrawal. 29 U.S.C. § 1381 (Multiemployer Pension Plan Amendments Act of 1980, or "MPPAA").

Congress decided that certain ERISA disputes must be initially dealt with in arbitration before moving through the judicial system. Congress was sure "that a substantial portion of disputes could be promptly and efficiently resolved through informal procedures" and therefore the plans and employers could avoid "lengthy, costly, and complex litigation." *Teamsters Pension Tr. Fund-Board of Trs. v. Allyn Transp. Co.*, 832 F.2d 502, 504-505 (9th Cir. 1987). Notably, ERISA's arbitration requirement is a strict one. *See, generally*, 29 U.S.C. §§ 1401, et seq. The statute requires employers and plan sponsors to arbitrate any disputes concerning determinations made under 29 U.S.C. §§ 1381-1399, and further requires the parties to initiate arbitration proceedings within sixty days of a certain triggering event. *See* 29 U.S.C. § 1401(a)(1). If the parties do not initiate arbitration within the time allotted, the employer is responsible for paying the

entirety of the withdrawal liability, and the plan sponsor may sue for collection in the state or federal courts. *See* 29 U.S.C. § 1401(b)(1).

The plain language of 29 U.S.C. § 1401(a)(1) indicates that disputes between employers and plan sponsors are delegated to arbitrators rather than the courts. Although the Ninth Circuit has not directly addressed this, many other courts have found that a party who disputes its "employer" status is exempt from the arbitration provision because this dispute would concern the arbitrator's authority over the party. However, the courts that find this way do so only when a party claims that it has never held "employer" status. *See Rheem Mfg. Co. v. Cent. States Se. & Sw. Areas Pension Fund*, 63 F.3d 703, 705-706 (8th Cir. 1995) (agreeing with sister circuits that "the determination of whether an entity *ever* became an employer under the MPPAA is an issue properly addressed by a district court prior to arbitration.") (emphasis added), *Teamsters Joint Council No. 83 v. Centra, Inc.*, 947 F.2d 115, 123 (4th Cir. 1991) (finding that "as long as a withdrawing entity was a part of the control group of an employer subject to the MPPAA at some point in time, and where the issues in dispute fall under provisions explicitly designated for arbitration, the arbitration procedure must be followed."), *Pension Plan for Pension Tr. Fund v. Galletti Concrete, Inc.*, No. CV 13-3176 SI, 2013 U.S. Dist. LEXIS 134367, *8-9 (N.D. Cal. 2013) ("There is an exception to this rule: if the parties dispute whether an entity has ceased to be an 'employer' under the MPPAA, rather than whether the entity has ever become an employer, that dispute must be resolved in arbitration."), *Trs. of Amalgamated Ins. Fund v. Abraham Zion Corp.*, No. 85 Civ. 9148 (DNE), 686 F. Supp. 95, 97 (S.D.N.Y. 1988) (finding that ERISA's arbitration provision is broad and concluding that the defendant was required to take its issues of fact with regard to a control group determination to arbitration.), *Banner Indus., Inc.*, 657 F. Supp. at 882 ("Put another way, the issue of whether one *remains* an employer on the date of a withdrawal is not the same issue as whether one *ever* became an 'employer' for purposes of ERISA generally and MPPAA in particular. The latter is an issue for the court since its resolution determines

the arbitrator's authority over the dispute.") (emphasis added).  Otherwise, an employer who ceases to hold such status is subject to arbitration to determine whether the change in status was purposed to evade or avoid liability.  29 U.S.C. §§ 1391(c), 1401(a)(1); *see also, generally*, *Banner Indus., Inc.*, 657 F. Supp. at 882-883.

      Soway concedes that it may have been an employer prior to 2008, but ceased to be an employer once Central Machine stopped paying rent.  Dkt. # 27, at 2.  Though Soway admits to its "common control" with Central Machine, Soway takes issue with any potential continued employer status because it claims that it is no longer a "trade or business." *Id.* at 4.  To be sure, Soway cites to *Automotive Industries Pension Trust Fund v. Tractor Equipment Sales, Inc*. ("TES"), for the proposition that Soway merely held an investment and therefore was not an "employer."  No. 13-cv-03703-WHO, 73 F. Supp. 3d 1173 (N.D. Cal. 2014).  If anything, *TES* only proves Soway's concession that it was at least an employer prior to 2008. *Id.* at 1187-1188 ("Property leases between two commonly-controlled entities constitute a trade or business.").  Therefore, if Soway thought that it no longer fell within the language of 29 U.S.C. 1301(b)(1), it needed to dispute this using the channels that Congress provided in the statute.  This is because Soway was aware that it was, at least at one point in time, an employer under the statute.  Accordingly, within ninety days of the Fund's notice of withdrawal liability, Soway was required to request that the Fund review Soway's liability and, if still unsatisfied, initiate arbitration.  29 U.S.C. §§ 1399(b)(2), 1401(a)(1).  Soway neither requested review nor initiated arbitration.

      Congress directly addressed this situation—where an employer allegedly ceases to be an employer and contests its withdrawal liability—and determined that these parties must bring their disputes in arbitration or face certain consequences.  Accordingly, Soway, having failed to request review or initiate arbitration within the statutory period, is now liable for the full withdrawal liability. *See* 29 U.S.C. § 1401(b)(1).

**B.    The Fund Gave Proper Notice to Soway Regarding the Withdrawal Liability.**

As soon as practicable after Central Machine's complete withdrawal, the Fund was required to notify Central Machine of its withdrawal liability, the schedule of payments, and demand payment. *See* 29 U.S.C. § 1399(b)(1). ERISA is liberally construed, and notice to one employer satisfies notice to the entire controlled group. *See Teamsters Pension Tr. Fund-Board of Trs. v. Allyn Transp. Co.*, 832 F.2d at 507 (holding that "notice to the withdrawing employer is notice to all members of the controlled group for the purposes of 29 U.S.C. § 1399(b)(1)."); *see also Board of Trs. of the W. Conf. v. Salt Creek Terminals, Inc.*, No. C85-2270R, 1986 U.S. Dist. LEXIS 29599, *7-10 (W.D. Wash. 1986) (finding that "notice of default sent to one member of the group is constructive notice to the other members" because Congress's definition of "employer" extended to the notice requirement in 29 U.S.C. § 1399(b)(1).). Accordingly, when the Fund sent notice to Central Machine on June 12, 2013, that letter was sufficient to put all companies within the control group on notice of the withdrawal liability.[2] As such, Soway was on notice that it was liable for the withdrawal liability, and it had the opportunity to request review of its status by the Fund, and subsequently to initiate arbitration.

Even if the Fund's June 12, 2013 letter was not sufficient notice, the Fund directly notified Soway, through counsel, on December 12, 2014 with regard to the withdrawal liability. Soway did not take any action to contest its employer status, neither through the procedures dictated in ERISA nor through its court filings. Although Soway claims that it never had the opportunity to seek arbitration, it did not actually do anything to dispute the Fund's determinations until December 7, 2015, in response to the Fund's motion for summary judgment. Soway, therefore, rested on its rights and now pays the consequences as outlined in ERISA. *See Banner Indus., Inc.*, 657 F. Supp. at 884

---

[2] To be sure, Soway has never resisted that it is under common control with Central Machine.

(finding that Banner did not rest on its rights because it did not wait "until the pension plan filed a collection action against it, and then for the first time tried to assert its defenses in court when it should have proceeded in arbitration."). Specifically, Soway is jointly and severally responsible for the withdrawal liability.

Soway claims that the Fund "should not be allowed now to claim that an issue it raised for the first time in a pending lawsuit was instead required to be arbitrated." Dkt. # 30, at p. 3. Ignoring for a moment that the Court finds Soway to be on notice as of June 12, 2013, or at least as of December 12, 2014, Soway does not offer any authority for its contention that the Fund is precluded from acting as it did to add Soway to the lawsuit. The Court is therefore not convinced that the Fund somehow waived the right to arbitration by adding Soway to its Amended Complaint.

### III. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's motion for summary judgment (Dkt. # 22) requiring defendants Central Machine Works, Inc. and Soway, LLC, jointly and severally, to pay the full amount of the employer withdrawal liability assessed by Plaintiff in accordance with the relevant ERISA provisions. The Court **DENIES** Defendant Soway, LLC's motion for summary judgment (Dkt. # 27). The Court **GRANTS** Defendants Paul and Sylvia Sowa's motion for summary judgment (Dkt. # 27) with regard to any personal liability for the withdrawal liability in accordance with Plaintiff's statement that it does not hold the individuals personally liable for that assessment.

Dated this 19th day of July, 2016.

*Richard A. Jones*
The Honorable Richard A. Jones
United States District Judge